MAR. 2. 2015 10:15AM     STATE FARM                              NO. 2105   P. 1/15

p5-8<sup>u</sup>

37 20M6 416

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR COOS COUNTY

| | |
|---|---|
| LUJEAN YOAKAM, A.K.A. LOU JEAN YOAKAM, | ) <br> ) Case No. 15CV0087 <br> ) |
| Plaintiff, | ) SUMMONS <br> ) |
| vs. | ) <br> ) |
| STATE FARM FIRE AND CASUALTY COMPANY and WELLS FARGO HOME MORTGAGE, INC., A DIVISION OF WELLS FARGO BANK, N.A. | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

TO:  STATE FARM FIRE AND CASUALTY COMPANY
     Rob Roach, Registered Representative
     550 Hawthorne Avenue SE
     Salem, OR 97301

IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the Complaint filed against you in the above-entitled cause within 30 days from the date of service of this summons on you. If you fail to appear and defend, the Plaintiff will apply to the court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT:
READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on Plaintiff's attorney.

If you have any questions, you should see a lawyer immediately. If you need help in finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

DATED: 2-24- , 2015.

MANUEL C. HERNANDEZ
OSB No. 874123
P.O. Box 979
1212 Alabama, Suite 14
Bandon, OR 97411
telephone no. (541) 347-2911
fax no. (541) 347-3656

SUMMONS - PAGE 1

lawtalk@visitbandon.com
Attorney for Plaintiff

STATE OF OREGON    )
                   ) ss.
County of Coos     )

    I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

*[signature]*
Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

*[signature]*
Attorney for Plaintiff

SUMMONS - PAGE 2

MAR. 2. 2015 10:15AM    STATE FARM                                         NO. 210    P. 3

I CERTIFY THIS TO BE A TRUE COPY

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF COOS

| | |
|---|---|
| LUJEAN YOAKAM, A.K.A. LOU JEAN YOAKAM, | ) ) ) |
| Plaintiff, | ) Case No.: 15CV0087 ) |
| vs. | ) COMPLAINT FOR BREACH ) OF CONTRACT/DECLARATORY |
| STATE FARM FIRE AND CASUALTY COMPANY and WELLS FARGO HOME MORTGAGE, INC., A DIVISION OF WELLS FARGO BANK, N.A., | ) AND INJUNCTIVE RELIEF ) ) ) Claim Amount: $250,000 ) and Other Equitable Relief |
| Defendants. | ) ) (Demand for Jury Trial) |

**First Claim for Relief, Declaratory Judgment/Reformation as to State Farm**

PLAINTIFF alleges:

1.

Plaintiff LUJEAN YOAKAM, a/k/a LOU JEAN YOAKAM is a citizen of Coos County, living at 1895 North Fir Street, Coquille, Oregon 97423.

2.

Defendant STATE FARM FIRE AND CASUALTY COMPANY [hereinafter "Defendant State Farm"] is an insurance company authorized to do business selling insurance policies in the State of Oregon.

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite #14
P.O. Box 979
Bandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND
INJUNCTIVE RELIEF - PAGE 1

17c150611279WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

MAR. 2. 2015 10:15AM    STATE FARM                                    NO. 210    P. 4

3.

Defendant STATE FARM sold Plaintiff a homeowners policy issued in the State of Oregon containing replacement coverage for structural damage to her dwelling many years ago which was at all times material hereto in full force and effect. (EXHIBIT A). A wind and hail storm which occurred on or about June 9, 2013 caused structural damage to the insured's residence at 1895 N. Fir Street, Coquille, Coos County, Oregon. The claim number is 3720M6416.

4.

WELLS FARGO HOME MORTGAGE, INC., A DIVISION OF WELLS FARGO BANK, N.A., [hereinafter "Wells Fargo"] is a national bank authorized to do business in the State of Oregon.

5.

On or about 2002, Defendant WELLS FARGO, after inspecting the residence, contracted with Plaintiff to fund a reverse mortgage. The reverse mortgage loan was issued to Plaintiff and her now deceased husband, Frank Yoakam.

6.

Due to the damage from the June 9, 2013 storm, Plaintiff was forced to move out of the home until repairs can be completed to make the residence habitable.

7.

Due to the old condition of the residence, the sums offered by Defendant State Farm

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite #14
P.O. Box 909
Bandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND INJUNCTIVE RELIEF - PAGE 2

37c1506112791WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

MAR. 2. 2015 10:16AM    STATE FARM                                          NO. 210    P. 5

to repair the damage is insufficient to make the residence habitable for Plaintiff to live in.

8.

The repair project of the Yoakam residence has stalled out because there is insufficient funds being offered by Defendant State Farm to get the work done. Defendant State Farm is threatening to limit loss of use coverage due to the dispute on what repairs Defendant State Farm willing to pay for and what repairs they do not agree to pay. Until recently Plaintiff was living in alternate housing paid for by Defendant State Farm consisting of an old camp trailer in the garage that does not have hot and cold running water and is otherwise not habitable. While the camp trailer was tolerable in the summer months, the camp trailer became intolerable in the winter months. More recently Defendant State Farm was kind enough to put Plaintiff in a better Camp Trailer for alternate housing that is acceptable and Plaintiff requests that the alternate housing now being provided continue until the court hears the case and a determination is made on scope of repairs which will be made on Plaintiff's residence.

9.

Defendant State Farm has made advance payments to Plaintiff of $2,125 additional living expenses for 12/1/13 thru 4/30/14; $1,832.33 to Belfor for services provided in behalf of Plaintiff; and $18,333.28 to Plaintiff which Plaintiff believed were for loss of personal property because it was issued in Plaintiff's name only. Defendant State Farm thereafter claimed the money should have been payable to Wells Fargo and Plaintiff as and for the actual cash value of structural damage to the Yoakam residence.

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND
INJUNCTIVE RELIEF - PAGE 3

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
212 Alabama
Suite #14
P.O. Box 979
Redmond, OR 97411
(541) 347-2911
FAX (541) 347-3696

37c1506112792WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

10.

Plaintiff is 77 years old and is legally blind. She cannot see well enough to read her mail. Her deceased husband, Frank Yoakam, previously handled all business matters in their marriage. Frank Yoakam passed away right before the wind and hail storm in question.

11.

Plaintiff has no adequate remedy at law.

12.

In equity the contract should be reformed to carry forth the intents of the parties in providing replacement cost coverage to restore the residence to the habitable condition the Yoakam home was in before the wind and hail storm.

13.

In equity Defendant State Farm should pay the actual cash value of the costs to restore the Yoakam residence to habitable condition and thereafter pay the incremental amounts necessary to replace the Yoakam residence as per replacement value coverage available under the policy.

14.

Alternatively, assuming the court compels Wells Fargo to concur, Defendant State Farm should reform the policy to cover the costs of burning down the Yoakam residence, clearing the debris, and replacing the old Yoakam residence with a modest manufactured home dwelling which will house Plaintiff on her old home site within the coverage offered

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorney At Law
1212 Alabama
Suite #14
P.O. Box 979
Bandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND
INJUNCTIVE RELIEF - PAGE 4

MAR. 2. 2015 10:16AM    STATE FARM                                          NO. 210    P. 7

or which should be offered by Defendant State Farm under the existing replacement policy.

15.

Plaintiff should be awarded her reasonable attorney fees and costs pre-filing and post filing of this suit as provided by ORS 742.061, and caselaw interpreting this provision in Declaratory Judgment proceedings.

**Second Claim for Relief: Declaratory Judgment/Reformation as to Wells Fargo**

16.

Plaintiff re-alleges and incorporates by reference paragraphs 1-11 as though set forth in full herein.

17.

Wells Fargo has sent correspondence to Plaintiff threatening to foreclose on the reverse mortgage on account of Plaintiff has been unable to live in the Yoakam residence due to the said wind and hail storm damage which has forced Plaintiff to vacate the Yoakam residence and live in a camp trailer in a garage on the Yoakam property.

18.

Upon information and belief, Wells Fargo will not agree to allow the uninhabitable Yoakam home to be burned and replaced with a manufactured home.

19.

In equity, the terms of the reverse mortgage should be reformed to allow Yoakam to avoid foreclosure because Plaintiff has not been able to occupy the Yoakam residence for over one year, in violation of a provision in the reverse mortgage agreement.

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND INJUNCTIVE RELIEF - PAGE 5

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite #14
P.O. Box 779
Brandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

37c15061112794WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

20.

Any dry rot condition in the Yoakam residence rendering replacement coverage insufficient to restore the home was either not detected in pre-mortgage inspection or not present at the time the residence was inspected for financing by the reverse mortgage or developed subsequent to the date of the reverse mortgage.

21.

The wind and hail storm which rendered the Yoakam residence not habitable was not the fault of either party to the Reverse Mortgage agreement.

22.

Wells Fargo accepted the foreseeable risk that the useful life of the Yoakam residence may be less than the actual lifespan of Plaintiff.

23.

The Coquille Fire Department has agreed to burn the Yoakam residence during as soon as fire danger conditions lessen where it will be safe to burn the residence to facilitate replacement of the Yoakam residence with a manufactured home.

24.

Burning the Yoakam residence and replacing the Yoakam residence with a manufactured home is an acceptable alternative to Plaintiff so long as Defendant State Farm pays off the reverse mortgage or the replacement value of the insured residence notwithstanding the old condition of the residence.

25.

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND
INJUNCTIVE RELIEF - PAGE 6

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
212 Alabama
Suite #14
P.O. Box 979
Coquille, OR 97411
(541) 347-2911
FAX (541) 347-3656

MAR. 2. 2015 10:17AM    STATE FARM                                    NO. 210    P. 9

1  Plaintiff is entitled to award of reasonable attorney fees and costs as per the
2  contractual agreement of the parties; and any applicable Oregon statute.

### Third Claim for Relief for Breach of Contract as to Defendant State Farm

26.

Plaintiff re-alleges and incorporates by reference paragraphs 1-10 as though set forth in full herein.

27.

Defendant State Farm has breached the coverage provisions under the policy to pay the actual cash value of the damages to the residence caused by storm damage which rendered the residence un-inhabitable.

28.

Defendant State Farm has breached the coverage provisions to pay replacement value of the damages to the residence caused by storm damage which rendered the residence un-inhabitable.

29.

Defendant State Farm has breached the coverage provisions to pay sufficient additional living expenses to allow Plaintiff to rent suitable habitable temporary replacement housing with hot and cold running water pending reconstruction of the insured and damaged residence of Plaintiff.

30.

Defendant State Farm has breached the provision to issue checks intended to be

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND
INJUNCTIVE RELIEF - PAGE 7

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite 914
P.O. Box 979
Bandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

37c1506112796WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

MAR. 2. 2015 10:17AM    STATE FARM                                NO. 210    P. 10

applied to residential repairs in joint names of Defendant Wells Fargo as holder of the mortgage and Plaintiff, and has issued at least one payment in the approximate sum of $18,000 in the name of Plaintiff only, which lead Plaintiff to assume the payment was for Plaintiff's loss of personal property. Thereafter, Defendant State Farm has delayed or refused to continue with the repairs until such time as the $18,000 was reimbursed to Defendant State Farm.

31.

Plaintiff should be awarded her reasonable attorney fees and costs pre-filing and post filing of this suit as provided by ORS 742.061.

32.

WHEREFORE, Plaintiff prays for judgment:

1. First Claim - A declaration that Plaintiff has no adequate remedy at law; that the losses caused by the storm are covered losses under the policy; declare that the contract should be reformed to meet the reasonable expectations of the parties contracting for a homeowner policy, that Defendant State Farm does not have the right to a house in reasonable condition; that Defendant State Farm undertook to provide replacement coverage without regard to it's age or condition and whether the construction met building code requirements, and contractually undertook by collecting premiums for many years for replacement coverage, is obligated to pay for replacement coverage; and structuring payments to contractors upon completion to avoid requiring Plaintiff, an elderly disabled insured, from having to first pay the

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite #14
P.O. Box 979
London, OR 97411
(541) 347-2911
FAX (541) 347-3656

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND INJUNCTIVE RELIEF - PAGE 8

37c15061127970PSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

1. additional cost of replacement coverage and thereafter seeking reimbursement from Defendant State Farm; and awarding reasonable attorney fees and costs of suit.

2. Second Claim - A declaration that Plaintiff has no adequate remedy at law; that the reverse mortgage has not been breached by Plaintiff because Plaintiff has been unable to live in the house; that Plaintiff may continue to live off premises until a habitable abode is available for Plaintiff after trial and decision by the Court on the merits of the scope of coverage due Plaintiff under the provisions of her home owner's policy with Defendant State Farm; and awarding reasonable attorney fees and costs of suit.

3. Third Claim - A declaration that Plaintiff has no adequate remedy at law; that Defendant State Farm has breached the coverage provisions under the policy to pay the actual cash value of the damages to the residence caused by storm damage which rendered the residence un-inhabitable; has breached the coverage provisions to pay replacement value of the damages to the residence caused by storm damage which rendered the residence un-inhabitable; has breached the coverage provisions to pay sufficient additional living expenses to allow Plaintiff to rent suitable habitable temporary replacement housing with hot and cold running water pending reconstruction of the insured and damaged residence of Plaintiff; and has breached the provision to issue checks intended to be applied to residential repairs in joint names of Defendant Wells Fargo as holder of the mortgage and Plaintiff; and has issued at least one payment in the approximate

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND INJUNCTIVE RELIEF - PAGE 9

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
212 Alabama
Suite #14
P.O. Box 979
London, OR 97411
(541) 347-3911
FAX (541) 347-3656

sum of $18,000 in the name of Plaintiff only, which lead Plaintiff to assume the payment was for Plaintiff's loss of personal property; that thereafter, Defendant State Farm has delayed or refused to continue with the repairs until such time as the $18,000 was reimbursed to Defendant State Farm; and awarding reasonable attorney fees and costs of suit.

DATED this **3** day of February, 2015.

        HERNANDEZ & ASSOCIATES, LLC

        By: _____
        Manuel C. Hernandez, OSB #874123
        Attorney for Plaintiff
        P.O. Box 979
        Bandon, OR 97411
        (541) 347-2911
        Fax: (541) 347-3656
        Email: lawtalk@visitbandon.com

COMPLAINT FOR BREACH OF CONTRACT/DECLARATORY AND INJUNCTIVE RELIEF - PAGE 10

HERNANDEZ AND
ASSOCIATES, L.L.C.
Attorneys At Law
1212 Alabama
Suite #14
P.O. Box 979
Bandon, OR 97411
(541) 347-2911
FAX (541) 347-3656

37c1506112799WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

Exhibit A
Page 12 of 39

MAR. 2. 2015 10:18AM    STATE FARM                                    NO. 210    P. 13

# TABLE OF CONTENTS

## DECLARATIONS
Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

|  | Begins on Page |
|---|---|
| DECLARATIONS CONTINUED | 1 |
| DEFINITIONS | 1 |
| **SECTION I - YOUR PROPERTY** | |
| COVERAGES | 3 |
| Coverage A - Dwelling | 3 |
| Coverage B - Personal Property | 3 |
| Coverage C - Loss of Use | 4 |
| Additional Coverages | 5 |
| Inflation Coverage | 7 |
| LOSSES INSURED | 7 |
| LOSSES NOT INSURED | 9 |
| LOSS SETTLEMENT | 11 |
| CONDITIONS | 13 |
| **SECTION II - YOUR LIABILITY** | |
| COVERAGES | 15 |
| Coverage L - Personal Liability | 15 |
| Coverage M - Medical Payments to Others | 15 |
| Additional Coverages | 16 |
| EXCLUSIONS | 16 |
| CONDITIONS | 19 |
| SECTION I AND SECTION II - CONDITIONS | 20 |
| OPTIONAL POLICY PROVISIONS | 21 |

PP-7955 OR    Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983, 1992.    Printed in U.S.A.

37c1506112300WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

EXHIBIT A
PAGE # 1

Exhibit A
Page 13 of 39

## HOMEOWNERS POLICY
## DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

1. based on your payment of premium for the coverages you chose;
2. based on your compliance with all applicable provisions of this policy; and
3. in reliance on your statements in these **Declarations**.

You agree, by acceptance of this policy, that:

1. you will pay premiums when due and comply with the provisions of the policy;
2. the statements in these **Declarations** are your statements and are true;
3. we insure you on the basis your statements are true; and
4. this policy contains all of the agreements between you and us and any of our agents.

Unless otherwise indicated in the application, you state that during the three years preceding the time of your application for this insurance your Loss History and Insurance History are as follows:

1. Loss History: you have not had any losses, insured or not; and
2. Insurance History: you have not had any insurer or agency cancel or refuse to issue or renew similar insurance to you or any household member.

## DEFINITIONS
### (INCLUDING PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING THE RIGHTS OF THE INSURED)

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1. "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

   **Bodily Injury** does not include:

   a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any insured to any other person;

   b. the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person; or

   c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

2. "**business**" means a trade, profession or occupation. This includes farming.

3. "**Declarations**" means the policy Declarations, any amended Declarations, the most recent renewal notice or certificate, an Evidence of Insurance form or any endorsement changing any of these.

4. "**insured**" means you and, if residents of your household:

   a. your relatives; and

   b. any other person under the age of 21 who is in the care of a person described above.

   Under Section II, "**insured**" also means:

   c. with respect to animals or watercraft to which this policy applies, the person or organization legally responsible for them. However, the animal or watercraft must be owned by you or a person included in 4.a. or 4.b. A person or organization using or having custody of these animals or watercraft in the course of a **business**, or without permission of the owner, is not an **insured**; and

FP-7955 OR

EXHIBIT  A
PAGE #   2

MAR. 2. 2015 10:19AM    STATE FARM                                    NO. 210    P. 15

d. with respect to any vehicle to which this policy applies, any person while engaged in your employment or the employment of a person included in 4.a. or 4.b.

5. "**insured location**" means:

   a. the **residence premises**;

   b. the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquire while this policy is in effect for **your** use as a residence;

   c. any premises used by **you** in connection with the premises included in 5.a. or 5.b.;

   d. any part of a premises not owned by an **insured** but where an **insured** is temporarily residing;

   e. land owned by or rented to an **insured** on which a one or two family dwelling is being constructed as a residence for an **insured**;

   f. individual or family cemetery plots or burial vaults owned by an **insured**;

   g. any part of a premises occasionally rented to an **insured** for other than **business** purposes;

   h. vacant land owned by or rented to an **insured**. This does not include farm land; and

   i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.

6. "**motor vehicle**", when used in Section II of this policy, means:

   a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an **insured location** is not a **motor vehicle**;

   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6.a. is not a **motor vehicle**;

   c. a motorized golf cart, snowmobile, motorized bicycle, motorized tricycle, all-terrain vehicle or any other similar type equipment owned by an **insured** and designed or used for recreational or utility purposes off public roads, while off an **insured location**. A motorized golf cart while used for golfing purposes is not a **motor vehicle**; and

   d. any vehicle while being towed by or carried on a vehicle included in 6.a., 6.b. or 6.c.

7. "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

   a. **bodily injury**; or

   b. **property damage**;

   during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

8. "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not **property damage**.

9. "**residence employee**" means an employee of an **insured** who performs duties, including household or domestic services, in connection with the maintenance or use of the **residence premises**. This includes employees who perform similar duties elsewhere for **you**. This does not include employees while performing duties in connection with the **business** of an **insured**.

10. "**residence premises**" means:

    a. the one, two, three or four-family dwelling, other structures and grounds; or

    b. that part of any other building;

    where **you** reside and which is shown in the Declarations.

2

FP-7955 OR

37c1506112882WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

EXHIBIT _A_

PAGE # _3_

MAR. 2. 2015 10:19AM   STATE FARM                                    NO. 210   P. 16

## SECTION I - COVERAGES

**COVERAGE A - DWELLING (INCLUDING PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING THE RIGHTS OF THE INSURED)**

1. **Dwelling.** We cover the dwelling used principally as a private residence on the **residence premises** shown in the **Declarations**.

   Dwelling includes:

   a. structures attached to the dwelling;

   b. materials and supplies located on or adjacent to the **residence premises** for use in the construction, alteration or repair of the dwelling or other structures on the **residence premises**;

   c. foundation, floor slab and footings supporting the dwelling; and

   d. wall-to-wall carpeting attached to the dwelling.

2. **Dwelling Extension.** We cover other structures on the **residence premises**, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

   We do not cover other structures:

   a. not permanently attached to or otherwise forming a part of the realty;

   b. used in whole or in part for **business** purposes; or

   c. rented or held for rental to a person not a tenant of the dwelling, unless used solely as a private garage.

3. **Property Not Covered.** We do not cover:

   a. land, including the land necessary to support any Coverage A property;

   b. any costs required to replace, rebuild, stabilize, or otherwise restore the land; or

   c. the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A.

**COVERAGE B - PERSONAL PROPERTY (INCLUDING PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING THE RIGHTS OF THE INSURED)**

1. **Property Covered.** We cover personal property owned or used by an **insured** while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. At your request, we will cover personal property owned by others while the property is on the part of the **residence premises** occupied exclusively by an **insured**. At your request, we will also cover personal property owned by a guest or a **residence employee**, while the property is in any other residence occupied by an **insured**.

   We cover personal property usually situated at an **insured's** residence, other than the **residence premises**, for up to $1,000 or 10% of the Coverage B limit, whichever is greater. This limitation does not apply to personal property in a newly acquired principal residence for the first 30 days after you start moving the property there. If the **residence premises** is a newly acquired principal residence, personal property in your immediate past principal residence is not subject to this limitation for the first 30 days after the inception of this policy.

   **Special Limits of Liability.** These limits do not increase the Coverage B limit. The special limit for each of the following categories is the total limit for each loss for all property in that category:

   a. $200 on money, coins and medals, including any of these that are a part of a collection, and bank notes;

   b. $1,000 on property used or intended for use in a **business**, including merchandise held as samples or for sale or for delivery after sale, while on the **residence premises**. This coverage is limited to $250 on such property away from the **residence premises**.

   Electronic data processing system equipment or the recording or storage media used with that equipment is not included under this coverage;

3

FP-7955 OR

37c1506112803WPSDZDM3 Received 3/2/2015 12:17:08 PM [Central Standard Time]

EXHIBIT __A__

PAGE # __4__

MAR. 2. 2015 10:20AM    STATE FARM                                                NO. 210    P. 17

c. $1,000 on securities, checks, cashier's checks, traveler's checks, money orders and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports and tickets;

d. $1,000 on watercraft of all types and outboard motors, including their trailers, furnishings and equipment;

e. $1,000 on trailers not used with watercraft;

f. $2,500 on stamps, trading cards and comic books, including any of these that are a part of a collection;

g. $2,500 for loss by theft of firearms;

h. $2,500 for loss by theft of silverware and goldware;

i. $5,000 on electronic data processing system equipment and the recording or storage media used with that equipment. There is no coverage for said equipment or media while located away from the residence premises except when said equipment or media are removed from the residence premises for the purpose of repair, servicing or temporary use. An insured student's equipment and media are covered while at a residence away from home; and

j. $5,000 on any one article and $10,000 in the aggregate for loss by theft of any rug, carpet (except wall-to-wall carpet), tapestry, wall-hanging or other similar article.

2. **Property Not Covered.** We do not cover:

a. articles separately described and specifically insured in this or any other insurance;

b. animals, birds or fish;

c. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those not licensed for use on public highways which are:

(1) used solely to service the insured location; or

(2) designed for assisting the handicapped;

d. devices or instruments for the recording or reproduction of sound permanently attached to an engine or motor propelled vehicle. We do not cover tapes, wires, records or other mediums that may be used with these devices or instruments while in the vehicle;

e. aircraft and parts;

f. property of roomers, boarders, tenants and other residents not related to an insured. We do cover property of roomers, boarders and other residents related to an insured;

g. property regularly rented or held for rental to others by an insured. This exclusion does not apply to property of an insured in a sleeping room rented to others by an insured;

h. property rented or held for rental to others away from the residence premises;

i. any citizens band radios, radio telephones, radio transceivers, radio transmitters, radar or laser detectors, antennas and other similar equipment permanently attached to an engine or motor propelled vehicle;

j. books of account, abstracts, drawings, card index systems and other records. This exclusion does not apply to any recording or storage media for electronic data processing. We will cover the cost of blank books, cards or other blank material plus the cost of labor you incur for transcribing or copying such records; or

k. recording or storage media for electronic data processing that cannot be replaced with other of like kind and quality on the current retail market.

**COVERAGE C - LOSS OF USE (INCLUDING PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING THE RIGHTS OF THE INSURED)**

1. **Additional Living Expense.** When a Loss Insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of: (a) the time required to repair or replace the premises; (b) the time required for your household to settle elsewhere; or (c) 24 months. This coverage is not reduced by the expiration of this policy.

4

FP-7955 OR

EXHIBIT  A
PAGE #  5

3Tc150611204WPSDZDM3 Received 3/2/2015 12:17:05 PM [Central Standard Time]

Exhibit A
Page 17 of 39

2. **Fair Rental Value.** When a Loss Insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable, we will cover its fair rental value. Payment shall be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the residence premises rented or held for rental is uninhabitable.

3. **Prohibited Use.** When a civil authority prohibits your use of the residence premises because of direct damage to a neighboring premises by a Loss Insured, we will cover any resulting Additional Living Expense and Fair Rental Value. Coverage is for a period not exceeding two weeks while use is prohibited.

We do not cover loss or expense due to cancellation of a lease or agreement.

**SECTION I - ADDITIONAL COVERAGES (INCLUDING PROVISIONS POTENTIALLY RESTRICTING OR ABRIDGING THE RIGHTS OF THE INSURED)**

The following Additional Coverages are subject to all the terms, provisions, exclusions and conditions of this policy.

1. **Debris Removal.** We will pay the reasonable expenses you incur in the removal of debris of covered property damaged by a Loss Insured. This expense is included in the limit applying to the damaged property.

   When the amount payable for the property damage plus the debris removal exceeds the limit for the damaged property, an additional 5% of that limit is available for debris removal expense. This additional amount of insurance does not apply to Additional Coverage, item 3. Trees, Shrubs and Other Plants.

   We will also pay up to $500 in the aggregate for each loss to cover the reasonable expenses you incur in the removal of tree debris from the residence premises when the tree has caused a Loss Insured to Coverage A property.

2. **Temporary Repairs.** If damage is caused by a Loss Insured, we will pay the reasonable and necessary cost you incur for temporary repairs to covered property to protect the property from further immediate damage or loss. This coverage does not increase the limit applying to the property being repaired.

3. **Trees, Shrubs and Other Plants.** We cover outdoor trees, shrubs, plants or lawns, on the residence premises, for direct loss caused by the following: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles (not owned or operated by a resident of the residence premises), Vandalism or malicious mischief or Theft.

   The limit for this coverage, including the removal of debris, shall not exceed 5% of the amount shown in the Declarations for COVERAGE A - DWELLING. We will not pay more than $500 for any one outdoor tree, shrub or plant, including debris removal expense. This coverage may increase the limit otherwise applicable. We do not cover property grown for business purposes.

4. **Fire Department Service Charge.** We will pay up to $500 for your liability assumed by contract or agreement for fire department charges. This means charges incurred when the fire department is called to save or protect covered property from a Loss Insured. No deductible applies to this coverage. This coverage may increase the limit otherwise applicable.

5. **Property Removed.** Covered property, while being removed from a premises endangered by a Loss Insured, is covered for any accidental direct physical loss. This coverage also applies to the property for up to 30 days while removed. We will also pay for reasonable expenses incurred by you for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. **Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money.**

   a. We will pay up to $1,000 for:

      (1) the legal obligation of an Insured to pay because of the theft or unauthorized use of credit cards and bank fund transfer cards issued to, or registered in an insured's name. If an insured has not complied with all terms and conditions under which the cards are issued, we do not cover use by an insured or anyone else;

5

FP-7855 OR

(2) loss to an **insured** caused by forgery or alteration of any check or negotiable instrument; and

(3) loss to an **insured** through acceptance in good faith of counterfeit United States or Canadian paper currency.

No deductible applies to this coverage.

We will not pay more than the limit stated above for forgery or alteration committed by any one person. This limit applies when the forgery or alteration involves one or more instruments in the same loss.

b. We do not cover loss arising out of business pursuits or dishonesty of an **insured**.

c. Defense:

(1) We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend claims or suits ends when the amount we pay for the loss equals our limit of liability.

(2) If claim is made or a suit is brought against an **insured** for liability under the Credit Card or Bank Fund Transfer Card coverage, we will provide a defense. This defense is at our expense by counsel of our choice.

(3) We have the option to defend at our expense an **insured** or an **insured's** bank against any suit for the enforcement of payment under the Forgery coverage.

7. **Power Interruption.** We cover accidental direct physical loss caused directly or indirectly by a change of temperature which results from power interruption that takes place on the **residence premises**. The power interruption must be caused by a Loss Insured occurring on the **residence premises**. The power lines off the **residence premises** must remain energized. This coverage does not increase the limit applying to the damaged property.

8. **Refrigerated Products.** Coverage B is extended to cover the contents of deep freeze or refrigerated units on the **residence premises** for loss due to power failure or mechanical failure. If mechanical failure or power failure is known to you, all reasonable means must be used to protect the property insured from further damage or this coverage is void. Power failure or mechanical failure shall not include:

a. removal of a plug from an electrical outlet; or

b. turning off an electrical switch unless caused by a Loss Insured.

This coverage does not increase the limit applying to the damaged property.

9. **Arson Reward.** We will pay $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit shall not be increased regardless of the number of persons providing information.

10. **Volcanic Action.** We cover direct physical loss to a covered building or covered property contained in a building resulting from the eruption of a volcano when the loss is directly and immediately caused by:

a. volcanic blast or airborne shock waves;

b. ash, dust or particulate matter; or

c. lava flow.

We will also pay for the removal of that ash, dust or particulate matter which has caused direct physical loss to a covered building or covered property contained in a building.

One or more volcanic eruptions that occur within a 72-hour period shall be considered one volcanic eruption.

This coverage does not increase the limit applying to the damaged property.

11. **Collapse.** We insure only for direct physical loss to covered property involving the sudden, entire collapse of a building or any part of a building.

Collapse means actually fallen down or fallen into pieces. It does not include settling, cracking, shrinking, bulging, expansion, sagging or bowing.

The collapse must be directly and immediately caused only by one or more of the following:

a. perils described in SECTION I - LOSSES INSURED, COVERAGE B - PERSONAL PROPERTY. These perils apply to covered building and

8

FP-7855 OR

EXHIBIT __A__
PAGE # __7__