UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LUJEAN YOAKAM, A.K.A. LOU JEAN YOAKAM,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY and WELLS FARGO HOME MORTGAGE, INC., A DIVISION OF WELLS FARGO BANK, N.A.,<br><br>        Defendants. | Case No. 6:15-cv-00478-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

      Plaintiff filed suit alleging claims for breach of contract, reformation of contract and declaratory judgment. Plaintiff alleges that defendant State Farm Fire and Casualty Company (State Farm) breached the terms of insurance contract by failing to provide adequate coverage for storm damage that rendered plaintiff's residence uninhabitable. Plaintiff also alleges claims for reformation of contract against State Farm and defendant Wells Fargo Home Mortgage, Inc. (Wells Fargo), claiming that the relevant insurance and mortgage contacts should be reformed to convey the intent of the parties and to provide a replacement for plaintiff's residence.

1   - OPINION AND ORDER

State Farm and Wells Fargo now move for dismissal of plaintiff's First and Second Claims for Relief alleging reformation of contract. The motions are granted.

## BACKGROUND

On or about January 17, 2002, plaintiff obtained a reverse mortgage loan (the Loan) from Wells Fargo related to real property located at 1895 N. Fir Street, Coquille, Coos County, Oregon. Pl.'s Compl. ¶¶ 1, 5. In exchange for the Loan, plaintiff voluntarily executed an Adjustable Rate Note and an Adjustable Rate Second Note. Tran-Caffee Decl. Exs. 2-3. The Loan is secured by an Adjustable Rate Home Equity Conversion Line of Credit Deed of Trust. *Id.* Ex. 1.

On or about June 9, 2013, a wind and hail storm occurred, causing structural damage to plaintiff's residence and rendering it uninhabitable. Pl.'s Compl. ¶ 3. Plaintiff had to move out of the home pending repairs. *Id.* ¶ 6. For a period of time, plaintiff was living in alternate housing, an "old camp trailer," provided by State Farm. *Id.* ¶ 8.

Plaintiff has a homeowner's insurance policy issued by State Farm (the Policy), and the Policy includes replacement coverage for structural damage. *Id.* ¶ 3. According to plaintiff, the sums offered by State Farm under the Policy are insufficient to repair the storm damage to her residence. Pl.'s Compl. ¶ 7. Plaintiff further alleges that repairs to her residence have ceased due to State Farm's refusal to provide sufficient coverage to complete the required work. *Id.* ¶ 8. As an alternative to repairing the home, plaintiff has proposed that her residence be burned down by the local fire department and replaced with a "modest manufactured home dwelling," and that the cost be covered by State Farm under the Policy. *Id.* ¶¶ 14, 23. Plaintiff alleges breach of contract against State Farm and also seeks reformation of the insurance contract to provide for sufficient replacement coverage. *Id.* ¶¶ 14, 27-30.

Plaintiff further alleges that Wells Fargo has notified plaintiff that it intends to foreclose the Loan because she has not lived in the residence for over a year, and it is no longer plaintiff's principal residence. Pl.'s Compl. ¶ 17, 19. Plaintiff also asserts that Wells Fargo will not allow her to pursue her alternative proposal of replacing the home. *Id.* ¶ 18. Plaintiff thus seeks reformation of the Loan agreement to avoid foreclosure. *Id.* ¶ 19.

## DISCUSSION

State Farm and Wells Fargo move for dismissal of plaintiff's contract reformation claims alleged in her First and Second Claims for Relief. Defendants argue that plaintiff fails to plead the requisite elements of reformation. I agree.

To state a claim for contract reformation under Oregon law, plaintiff must plead that: 1) there was an antecedent agreement to which the contract can be reformed; 2) there was a mutual mistake or a unilateral mistake on the part of the party seeking reformation and inequitable conduct on the part of the other party; and 3) the party seeking reformation was not guilty of gross negligence. *5 Star, Inc. v. Atl. Cas. Ins. Co.*, 269 Or. App. 51, 60, 344 P.3d 467, *rev. den.* 357 Or. 743, 361 P.3d 608 (2015); *Munson v. Valley Energy Inv. Fund, U.S., LP*, 264 Or. App. 679, 696, 333 P.3d 1102 (2014).

As noted by defendants, plaintiff's Complaint fails to allege an antecedent agreement with either State Farm or Wells Fargo, aside from the Policy and the relevant Loan agreements. In response to defendants' motions, plaintiff agrees that she cannot establish the existence of an antecedent agreement with either defendant and that dismissal of the reformation claims are warranted. Pl.'s Response to State Farm at 2; Pl.'s Response to Wells Fargo at 2. However, plaintiff argues that she should be allowed the opportunity to amend her complaint to allege a claim of unconscionability against State Farm and an unspecific contract claim for specific

performance against Wells Fargo, presumably based on its alleged refusal to endorse checks issued jointly to plaintiff and Wells Fargo. Plaintiff also maintains that Wells Fargo is a necessary party to this action, and she cannot obtain complete relief in its absence.

I am not persuaded that Wells Fargo is a necessary and indispensable party to this action. *See* Fed. R. Civ. P. 19(a)(1). Nonetheless, at this juncture, it is unclear whether plaintiff's attempts to amend her complaint would be futile. Accordingly, I will allow plaintiff the opportunity to amend her complaint. Further, in light of plaintiff's allegations, I find settlement proceedings appropriate.

## CONCLUSION

State Farm's and Wells Fargo's Motions to Dismiss (docs. 24, 32) are GRANTED. Within 30 days after the date of this order, plaintiff may move for amendment of her complaint, after the required conferral with defendants. In the meantime, the parties shall contact Paul Bruch, Courtroom Deputy for Magistrate Judge Thomas Coffin, at 541-431-4111 to schedule judicial settlement proceedings.

IT IS SO ORDERED.

Dated this _26_ day of May, 2016.

_____
Ann Aiken
United States District Judge