UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LUJEAN YOAKAM, A.K.A. LOU JEAN YOAKAM,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and WELLS FARGO HOME MORTGAGE, INC., A DIVISION OF WELLS FARGO BANK, N.A.,

        Defendants.

Case No. 6:15-cv-00478-AA

OPINION AND ORDER

AIKEN, District Judge:

    Plaintiff filed suit alleging claims for breach of contract, reformation of contract and declaratory judgment. Plaintiff alleged that defendant State Farm Fire and Casualty Company (State Farm) breached the terms of insurance contract by failing to provide adequate coverage for storm damage that rendered plaintiff's residence uninhabitable. Plaintiff also alleged claims for reformation of contract against State Farm and defendant Wells Fargo Home Mortgage, Inc. (Wells Fargo), claiming that the relevant insurance and mortgage contacts should be reformed to convey the intent of the parties and to provide a replacement for plaintiff's residence. Defendants

1   - OPINION AND ORDER

moved to dismiss plaintiff's claim alleging reformation of contract, and in response, plaintiff agreed that dismissal of the reformation claims were warranted. Plaintiff also argued that she should be given the opportunity to amend her complaint to allege a claim of unconscionability against State Farm and an unspecific contract claim for specific performance against Wells Fargo. Finding it was unclear whether plaintiff's proposed amendments would be futile, I allowed plaintiff the opportunity to seek amendment. *See generally* docs. 28, 35, 37.

Plaintiff now moves to amend her complaint. Rather than adding claims of unconscionability and specific performance previously identified by plaintiff, however, she seeks to expand her breach of contract claims against State Farm to include coverage for personal property and loss of use; add claims against State Farm for fraud, elder abuse, intentional infliction of emotional distress, tortious breach of the covenant of good faith and fair dealing, negligence per se, and unjust enrichment; add new factual allegations; and add damages for physical injury, emotional distress, and punitive damages. State Farm opposes plaintiff's motion, arguing that the proposed amendments are untimely, prejudicial, futile, and will result in undue delay. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) ("In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.")

I will allow plaintiff's proposed amendments with respect to claims closely related to plaintiff's initial breach of contract claim alleging failure to provide adequate coverage and adjust her loss under the relevant insurance policy. *See* Proposed Am. Compl. ¶¶ 10, 18-20, 68-70. I find that these claims – breach of contract for inadequate insurance coverage, breach of the covenant of good faith and fair dealing, and negligence per se – involve the same allegations,

evidence, and theories of liability underlying plaintiff's original breach of contract claim involving State Farm's adjustment of her loss and failure to provide sufficient coverage. While I agree that these proposed amendments could have and should have been brought at the commencement of litigation, at this point I cannot find that they are futile or will cause undue delay or prejudice.

However, I deny as futile the proposed amendments alleging breach of contract based on inadequate alternative housing, fraud, elder abuse, intentional infliction of emotional distress (IIED), unjust enrichment, and tortious breach of the covenant of good faith and fair dealing. Proposed Am. Compl. ¶¶ 13, 21, 25-68; *see Nunes*, 375 F.3d at 808 (futility alone can justify denial of amendment).

First, plaintiff does not allege or identify a policy provision that requires State Farm to arrange and provide housing deemed "adequate" so as to support plaintiff's contract and unjust enrichment claims related to housing; rather, plaintiff simply asserts that the policy provides coverage for alternative housing after damage to covered residential property. *See* Proposed Am. Compl. ¶¶ 13, 21, 27. Moreover, State Farm presents evidence that plaintiff chose to live in her daughter's camp trailer, and that it offered plaintiff alternative housing. *See* Thommen Decl. Exs. 3-4. Plaintiff offers no argument or evidence in response, stating only that the court should accept plaintiff's proposed allegations as true at the pleading stage. Pl.'s Reply at 5. However, this case is far beyond the pleading stage, discovery has occurred, and evidence supporting breach of contract and unjust enrichment claims should be within plaintiff's possession and knowledge.

Second, plaintiff's claim for fraud is similarly based on State Farm's alleged misrepresentation that plaintiff could live only in a camp trailer after her home sustained

damage. Proposed Am. Compl. ¶¶ 26-29, 33. As noted above, State Farm presents evidence contradicting this claim, in that plaintiff chose to live in the camp trailer and State Farm offered alternative housing and made arrangements for plaintiff to reside in a motel. Thommen Decl. Exs. 3-4. Again, plaintiff makes no effort to rebut this evidence. Moreover, plaintiff's allegations fail to assert when and where the fraudulent representation was made and by whom, and this information should not be incumbent on discovery; representations made by State Farm should be within plaintiff's knowledge. *See Avenue Lofts Condominiums Owners' Ass'n v. Victaulic Co.*, 24 F. Supp. 3d 1010, 1020 (D. Or. 2014) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (citation omitted). Even if additional discovery was necessary, some discovery has occurred and this case has proceeded to the point where plaintiff cannot rely on conclusory allegations. Should plaintiff obtain evidence that supports a claim for fraudulent misrepresentation, the court may reconsider.

Third, the elder abuse statute requires wrongful taking or appropriation of money or property of a vulnerable person. Or. Rev. Stat. § 124.110(1). Plaintiff's claim is based on her payment of insurance premiums to State Farm and State Farm's alleged refusal to provide sufficient insurance coverage. Proposed Am. Compl. ¶¶ 40-43. These allegations do not assert a claim for wrongfully taken or appropriated property, as plaintiff paid those premiums in exchange for coverage under an insurance policy. Whether State farm breached the terms of that policy is properly brought as a breach of contract rather than an elder abuse claim.

Finally, with respect to the claims for IIED and tortious breach of the covenant of good faith and fair dealing, plaintiff does not allege "outrageous conduct" by State Farm to support either claim. *Mancuso v. Am. Family Mut. Ins. Co.*, 2009 WL 130259, at *4 (D. Or. Jan. 16, 2009) ("At the core of every IIED claim is the requirement that the behavior engaged in be

'outrageous in the extreme.'") (citing *Watte v. Edgar Maeyens, Jr., M.D., P.C.*, 112 Or. App. 234, 239, 828 P.2d 479 (1992)); *Thompson v. Allied Mut. Ins. Co.*, 2000 WL 264318, at *1 (D. Or. Mar. 3, 2000) (allowing tort claim where defendant insurance company falsely accused the insured plaintiffs of arson, threatened and intimidated plaintiffs, and falsely told third parties that plaintiff was an arsonist, burglar, and rapist); *Christofferson v. Church of Scientology of Portland*, 57 Or. App. 203, 212-13, 644 P.2d 577 (1982) ("It is only by proof of conduct that is 'beyond the limits of social toleration' that plaintiff may recover in an action for outrageous conduct."). Accordingly, these amendments will not be allowed.

## CONCLUSION

Plaintiff's Motion to Amend (doc. 51) is GRANTED in part and DENIED in part. Plaintiff's proposed breach of contract, breach of the covenant of good faith, and negligence per se claims regarding insufficient insurance coverage are allowed, as explained above. The motion is denied in all other respects. As previously ordered by the court, the parties shall contact Paul Bruch, Courtroom Deputy for Magistrate Judge Thomas Coffin, at 541-431-4111 to schedule judicial settlement proceedings.

IT IS SO ORDERED.

Dated this 11th day of January, 2017.

Ann Aiken
United States District Judge

5   - OPINION AND ORDER